# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| RAGNAR WERT ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:20-cv-00140 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| VANDERBILT UNIVERSITY ) | MAGISTRATE JUDGE HOLMES |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss (Doc. No. 16). Plaintiff filed a response (Doc. No. 26) and Defendant filed a reply (Doc. No. 30). For the reasons stated below, the motion to dismiss will be **GRANTED**.

## I. BACKGROUND[1]

Plaintiff Ragnar Wert is a student who was enrolled in the Master of Science in Nursing – Psychiatric Mental Health Nurse Practitioner program at Vanderbilt University, a private university in Nashville, Tennessee. (Compl., Doc. No. 1 at ¶¶ 6-7).

In February 2019, Vanderbilt began an investigation into allegation that Plaintiff had engaged in sexual misconduct (the "first investigation"). (*Id*. at ¶ 9). A report was made to the Metro Nashville Police Department ("Metro Police"), who advised Vanderbilt that they "will not be assisting with an investigation" because Plaintiff was "not observed participating in any illegal activities" and there was not a named victim. (*Id*. at ¶ 12, 17). The Assistant District Attorney General notified Vanderbilt that the incident was not prosecutable without a "named victim willing to prosecute." (*Id*. at ¶ 13).

---

[1] The facts recited are as pleaded in the Complaint. (Doc. No. 1).

In April 2019, Plaintiff received notice of a second investigation that arose after a faculty member reported an incident at the Vanderbilt "Rec Center." (*Id*. at ¶ 10). Plaintiff alleges that during the second investigation he was not permitted to confront the complainant or cross-examine witnesses. (*Id*. at ¶ 16). He was permitted to provide written questions to be asked of the complainant. (*Id*.)

In December 2019, Vanderbilt's Title IX office issued a Final Report that did not include the police report or associated documents. (*Id*. at ¶ 17). The Office of Student Accountability issued a Sanction Notice notifying Plaintiff that he was suspended from Vanderbilt until December 20, 2020, and Plaintiff appealed the suspension. (*Id*. at ¶ 18-19). At the time he filed the Complaint, the appeal was still pending. (*Id*.)

## II. STANDARD OF REVIEW

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true as the Court has done above. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 679. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id*. at 678; *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Abriq v. Hall*, 295 F. Supp. 3d 874, 877 (M.D. Tenn. 2018).

2

Moreover, factual allegations that are merely *consistent* with the defendant's liability do not satisfy the claimant's burden, as mere consistency does not establish *plausibility* of entitlement to relief even if it supports the *possibility* of relief. *Iqbal*, 556 U.S. at 678.

In determining whether a complaint is sufficient under the standards of *Iqbal* and its predecessor and complementary case, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), it may be appropriate to "begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. Identifying and setting aside such allegations is crucial, because they simply do not count toward the plaintiff's goal of showing plausibility of entitlement to relief. As suggested above, such allegations include "bare assertions," formulaic recitation of the elements, and "conclusory" or "bald" allegations. *Id*. at 681. The question is whether the remaining allegations – factual allegations, *i.e.*, allegations of factual matter – plausibly suggest an entitlement to relief. *Id*. If not, the pleading fails to meet the standard of Fed. R. Civ. P. 8 and thus must be dismissed under Rule 12(b)(6). *Id*. at 683.

### III. ANALYSIS

Defendant moved to dismiss the complaint for failure to state a claim, arguing that the Complaint is a bare request for injunctive relief that does not plead a cause of action. Defendant argues that even if the Court construes the Complaint as pleading a Title IX claim, the Complaint fails to allege gender bias or a causal connection between gender bias and Vanderbilt's Title IX process.

Plaintiff responded to the motion to dismiss arguing that his separately filed motion for temporary restraining order complies with Local Rule 65.01 and that he "addresses the efficacy of a potential future Title IX claim in order to demonstrate substantial likelihood of success on the merits, but is not currently seeking relief under that theory." (Doc. No. 26 at PageID# 105).

3

Plaintiff states that "Title IX allegations are premature at this time" and are not "ripe." (*Id*. at PageID# 106). Plaintiff also asserts the suspension violates his right to due process because the suspension went into effect before his appeal was decided. (*Id*.).

A request for a preliminary injunction is not an independent cause of action; it a procedural device that seeks a remedy for a cause of action. *See e.g., Goryoka v. Quicken Loan, Inc*., 519 F. App'x 926, 929 (6th Cir. 2013) (affirming dismissal of request for injunctive relief because it is a remedy, not a separate cause of action); *NAECIS Outreach v. Vislak*, No. 2:14-cv-00161, 2014 WL 6810781, at *3 (S.D. Ohio Dec. 3, 2014) (dismissing "claim" for an injunction because it is "not an independent cause of action"); *Hanover Ins. Grp. v. Singles Roofing Co*., No. 10 C 611, 2011 WL 2368328, at *8 (N.D. Ill., Jun. 21, 2012) ("'[T]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held' – it is a procedural device, not a cause of action." (quoting *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)).

The Complaint contains three sections: "background facts," "irreparable injury," and "prayer for relief." It also states that the "controlling law" is Title IX of the Education Amendments Act of 1972, 20 U.S.C. §§ 1681-1688 (2018). The Complaint does not identify any legal claims. Despite citing Title IX as the controlling law, Plaintiff specifically disclaims any intent to plead a Title IX claim. His contention that the Complaint can be sustained on the basis of the request for injunctive relief alone, is without merit.

Moreover, to the extent Plaintiff intends to state a claim for violation of due process, as alluded to in his responsive brief (Doc. No. 26), this claim would also fail. "The Fourteenth Amendment's due process guarantees are "'triggered only in the presence of state action.'" *Faparusi v. Case Western Reserve University*, 711 F. App'x 269, 275 (6th Cir. 2017). Plaintiff

4

has asserted no facts to establish that Vanderbilt, a private university, is a state actor for purposes of the Fourteenth Amendment due process guarantees. *See id.* (affirming dismissal of due process claims when plaintiff made no showing that private university was a state actor).

## IV. CONCLUSION

For the foregoing reasons, Vanderbilt's Motion to Dismiss (Doc. No. 16) is GRANTED and the Complaint is DISMISSED without prejudice.

An appropriate Order shall enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE